**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS GIOVENCO, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No. 14-cv-7534 |
| Plaintiff, | ) | |
| | ) | Hon. James B. Zagel |
| v. | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| DTG OPERATIONS, INC. d/b/a/ DOLLAR RENT A CAR, an Oklahoma Corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Submitted By:

Joseph J. Siprut
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT** PC
17 N. State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.241.1260

## **TABLE OF CONTENTS**

STATEMENT OF FACTS ............................................................................................................2

ARGUMENT ..............................................................................................................................2

    I.    PLAINTIFF ALLEGED THAT DTG VIOLATED FACTA ..............................................4

   II.    ANY REQUEST TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE DENIED.................................................................................................................................7

CONCLUSION..........................................................................................................................12

## TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009)............................................................................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................3

**UNITED STATES CIRCUIT COURT OF APPEALS CASES**

*Albiero v. Kankakee*,
122 F.3d 417 (7th Cir. 1997) ............................................................................2

*Brooks v. Pactiv Corp.*,
729 F.3d 758 (7th Cir. 2013) ............................................................................5

*Brooks v. Ross*,
578 F.3d 574 (7th Cir. 2009) ............................................................................3

*Damasco v. Clearwire Corp.*,
662 F.3d 891 (7th Cir. 2011) ............................................................................3, 9

*Gibson v. City of Chicago*,
910 F.2d 1510 (7th Cir. 1990) ............................................................................3

*Lincoln Prop. Co. v. Roche*,
546 U.S. 81 (2005)............................................................................6

*Messner v. Northshore Univ. HealthSystem*,
669 F.3 802 (7th Cir. 2012) ............................................................................3, 8

*North Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*,
163 F.3d 449 (7th Cir. 1998) ............................................................................6

*Pickett v. Sheridan Health Care Ctr.*,
664 F.3d 632 (7th Cir. 2011) ............................................................................2

*Redman v. RadioShack Corp.*,
768 F.3d 622 (7th Cir. 2014) ............................................................................1

*Swanson v. Citibank, N.A.*,
614 F.3d 400 (7th Cir. 2010) ...........................................................................6

*Thompson v. Ill. Dep't of Prof'l Regulation*,
300 F.3d 750 (7th Cir. 2002) ...........................................................................6

*Toney v. Quality Res., Inc.*,
2014 WL 6757978 (N.D. Ill. Dec. 1, 2014)......................................................8

**UNITED STATES DISTRICT COURT CASES**

*Astor Prof'l Search, LLC v. MegaPath Corp.*,
2013 WL 1283810 (N.D. Ill. Mar. 27, 2013)....................................................2

*Arango v. Work & Well, Inc.*,
2012 WL 3023338 (N.D. Ill. July 24, 2012).............................................7, 9, 10

*Birchmeier v. Caribbean Cruise Line, Inc.*,
2012 WL 7062748 (N.D. Ill. Dec. 31, 2012) ....................................................8

*Boatwright v. Walgreen Co.*,
2011 WL 843898 (N.D. Ill. Mar. 4, 2011).........................................................8

*Bryant v. Gardner*,
*545* F. Supp. 2d 791 (N.D. Ill. 2008) ...............................................................2

*Clark v. Sprint Spectrum L.P.*,
2011 WL 835487 (C.D. Cal. Mar. 7, 2011) ....................................................4, 9

*Cruz v. Sky Chefs, Inc.*,
2013 WL 1892337 (N.D. Cal. May 6, 2013) ...................................................4, 9

*Engel v. Scully & Scully, Inc.*,
279 F.R.D. 117 (S.D.N.Y. 2011) ....................................................................11

*Fletcher v. ZLB Behring LLC*,
2006 WL 218164 (N.D. Ill. Jan. 27, 2006)........................................................5

*Gonzalez v. City of Chi.*,
888 F. Supp. 887 (N.D. Ill. 1995) ...................................................................11

*Halperin v. Interpark Inc.,*
2007 WL 4219419 (N.D. Ill. Nov. 29, 2007) ...............................................................................10

*Huggins v. SpaClinic, LLC*,
2010 WL 963924 (N.D. Ill. Mar. 11, 2010).....................................................................................5

*In re Flonase Antitrust Litig.,*
2010 WL 234858 (E.D. Pa. Jan. 21, 2010) .................................................................................4, 9

*Lady Beauty Prods., Inc. v. Parfums Ungaro, Inc.,*
1985 WL 1159 (N.D. Ill. May 9, 1985) ........................................................................................11

*Magnavox Co. v. APF Elecs., Inc.*,
496 F. Supp. 29 (N.D. Ill. 1980) ...................................................................................................11

*Matthews v. United Retail, Inc.,*
248 F.R.D. 210 (N.D. Ill. 2008)....................................................................................................10

*Mfrs. Life Ins. Co. v. 1 Animation Network, Inc.*,
2005 WL 1950666 (N.D. Ill. Aug. 10, 2005) ................................................................................7

*Miller v. Janssen Pharm. Prods., LP*,
2007 WL 488636 (S.D. Ill. 2006) ...............................................................................................4, 8

*Myers v. MedQuist, Inc.,*
2006 WL 3751210 (D. N.J. Dec. 20, 2006).................................................................................4, 9

*Oxman v. WLS-TV,*
595 F. Supp. 557 (N.D. Ill. 1984) ...............................................................................................4, 8

*Power v. GMAC Mortg. Corp.,*
2007 WL 723509 (N.D. Ill. Mar. 7, 2007)..................................................................................3, 8

*Redmon v. Uncle Julio's of Ill., Inc.*,
249 F.R.D. 290 (N.D. Ill. 2008)....................................................................................................11

*Rogers v. Khatra Petro, Inc.*,
2010 WL 3894100 (N.D. Ind. Sept. 29, 2010) .............................................................................10

*Shurland v. Bacci Cafe & Pizzeria on Ogden, Inc.,*
259 F.R.D. 151 (N.D. Ill. 2009) ........................................................................10

*Simmons v. John F. Kennedy Med. Ctr.,*
727 F. Supp. 440 (N.D. Ill. 1989) ......................................................................11

*Troy v. Red Lantern Inn, Inc.,*
2007 WL 4293014 (N.D. Ill. Dec. 4, 2007) ......................................................10

*United States v. LaSalle Bank, N.A.,*
2008 WL 4874169 (N.D. Ill. July 29, 2008) .....................................................6, 7

*Worix v. MedAssets, Inc.,*
869 F. Supp. 2d 893 (N.D. Ill. 2012) ...............................................................3, 8

## STATUTES AND REGULATIONS

15 U.S.C. § 1681 ...................................................................................................1

29 U.S.C. § 2601 ...................................................................................................9

Fed. R. Civ. P. 8 ...................................................................................................3

Fed. R. Civ. P. 12 ...............................................................................................11

Fed. R. Civ. P. 23 ..............................................................................................3, 8

## OTHER AUTHORITIES

Moore's Federal Practice § 107.14[2][c] (3d ed. 2005) ......................................6

By seeking to impose unnecessary pleading requirements, DTG's Motion to Dismiss is a feeble attempt to escape liability under Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g) ("FACTA"). DTG contends that Plaintiff failed to state a claim, because he did not expressly allege that DTG "owns and operates" the car rental store at issue. However, "ownership" and "operation" are ***not*** prerequisites to stating a claim under FACTA. "The Act provides . . . that 'no person that accepts credit cards or debit cards for the transaction of business shall print [electronically, as distinct from by handwriting or by an imprint or copy of the card] more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.'" *Redman v. RadioShack Corp.*, 768 F.3d 622, 626 (7th Cir. 2014). Plaintiff has ***expressly*** alleged that he visited DTG's store, DTG accepted his credit or debit card as payment, and DTG provided Plaintiff with an electronically printed a receipt with more information than permissible under FACTA. (Compl. ¶¶20-25.) Because his allegations must be accepted as true, DTG loses.

Recognizing the weakness of its argument, DTG then urges this Court to find that Plaintiff pled himself out of Court because his receipt lists a company named "BFM Transportation, Inc." What DTG fails to point out, however, is that one of DTG's trade names also appears on the receipt – "Dollar RAC," which is short for "Dollar Rent A Car."[1] (Compl. ¶10.)[2] Furthermore, DTG operates a car rental website under its trade name "Dollar.com."[3] On Dollar.com, DTG lists one

---

[1] DTG does not deny that it conducts business under the names, Dollar Rent A Car, Thrifty Car Rental, or Dollar.com.

[2] The Federal Communications Commission has named DTG under its trade name "Dollar Rent-A-Car" in a forfeiture order. *In the Matter of DTG Operations, Inc. d/b/a Dollar Rent-A-Car, San Diego, California*, 27 FCC Rcd. 3252, 3252 ¶1 (Apr. 4, 2012).

[3] *See* Dollar.com, *Locations*, http://www.dollar.com/Locations/gen.aspx?locationId=LIT (last accessed Dec. 9, 2014); *see also Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 648 (7th Cir. 2011) ("Federal Rule of Evidence 201(c)(1) authorizes a court to take judicial notice without a request from a party.").

of its locations at the address on the receipt: 1 Airport Drive, Little Rock, AR 72206.[4] (Compl. ¶10.) DTG also operates under its trade name Thrifty Rental Car. (*Id.*) Plaintiff's pre-filing investigation revealed that DTG, using its trade name Thirty Rental Car, is the subscriber of the telephone number listed on the receipt.[5] Thus, DTG's argument falls flat.

DTG goes on to contend that Plaintiff's class allegations are insufficient. It is unclear what DTG is seeking, but a review of its cited case law suggests that DTG is attempting to strike Plaintiff's class allegations under Rule 12(f) – not Rule 12(b). Courts routinely reject such attempts as premature. Accordingly, DTG's Motion should be denied in its entirety.

## STATEMENT OF FACTS

DTG is one of the largest car rental companies in the world. (Compl. ¶1.) On or about April 22, 2014, Plaintiff visited DTG's car rental store located at 1 Airport Drive, Little Rock, Arkansas 72206 and rented a 2014 Nissan Versa. (*Id.* ¶¶20-21.) Plaintiff paid for the transaction with his VISA credit or debit card. (*Id.* ¶22.) DTG provided Plaintiff with an electronically printed receipt. (*Id.* ¶23.) DTG's receipt did not properly truncate Plaintiff's card information. (*Id.* ¶¶23-24.) Specifically, DTG printed the ***full*** expiration date of Plaintiff's card and the first two and last four digits of his VISA credit or debit card – six digits in total. (*Id.*) DTG's conduct violated FACTA. (*Id.* ¶¶ 48-53.)

## ARGUMENT

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). As the U.S. Supreme

---

[4] *See id.* While the address on the receipt lists the suffix of the street name as "Drive," it appears that the correct suffix is "Road."

[5] A true and correct copy of the public record for phone line is attached hereto as Exhibit A. *See Bryant v. Gardner*, 545 F. Supp. 2d 791, 801, n.2 (N.D. Ill. 2008) ("The Court can consider additional factual assertions made in response to a motion to dismiss as long as they do not conflict with the complaint.") (citing *Albiero v. Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997)).

Court has explained, a complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Put simply, Fed. R. Civ. P. 8 "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)); *Iqbal*, 556 U.S. at 663 ("[W]hether a complaint states a plausible claim is context-specific requiring the reviewing court to draw on its judicial experience and common sense.") (internal citation omitted).

The standard for granting motions to strike class allegations is extremely high. "[I]t would be premature to strike all or part of [plaintiff's] complaint, or to rule preemptively that no class claims may be asserted, before there is any evidence regarding the claims of other potential class members." *Worix v. MedAssets, Inc.*, 869 F. Supp. 2d 893, 901 (N.D. Ill. 2012); *see Power v. GMAC Mortg. Corp.*, 2007 WL 723509, at *5 (N.D. Ill. Mar. 7, 2007) (motions to strike class allegations are "best resolved after crystallization in a . . . motion for class certification under Fed. R. Civ. P. 23").[6] The Seventh Circuit has proclaimed: "a court may abuse its discretion by not

---

[6] *See also Messner v. Northshore Univ. HealthSystem,* 669 F.3 802, 811 (7th Cir. 2012) ("On issues affecting class certification, however, a court may not simply assume the truth of the matters as asserted by the plaintiff. If there are material factual disputes, the court must 'receive evidence . . . and resolve the disputes before deciding whether to certify the class.'") (citations omitted); *Oxman v. WLS-TV*, 595 F. Supp. 557, 561-62 (N.D. Ill. 1984) (denying motion to strike class allegations and holding that such motion was premature prior to discovery); *Miller v. Janssen Pharm. Prods., LP*, 2007 WL 488636, at *3 (S.D. Ill. 2006) (rejecting motion to strike class allegations because "it is not practical at this stage of the litigation to preclude the Court from obtaining a full assessment of the litigation before deciding the class certification issue").

allowing for appropriate discovery before deciding whether to certify a class." *Damasco v. Clearwire Corp.*, 662 F.3d 891, 897 (7th Cir. 2011).[7]

As detailed below, a common sense reading of the Complaint establishes that Plaintiff has plausibly alleged that DTG violated FACTA. Furthermore, DTG's attempt to strike Plaintiff's class allegations is premature and unwarranted.

## I. PLAINTIFF PLAUSIBLY ALLEGED THAT DTG VIOLATED FACTA.

DTG is trying to craft additional requirements for pleading a claim under FACTA. Specifically, DTG contends that a plaintiff fails to state a claim unless he expressly states that the defendant "owned and operated" the store at which the defendant provided the receipt. Unfortunately for DTG, FACTA requires no such thing. FACTA merely requires that Plaintiff plead that DTG: (a) accepted Plaintiff's credit or debit card for a transaction; (b) printed a receipt; and (c) and failed to sufficiently truncate Plaintiff's card information. *See Redman v. RadioShack Corp.*, 768 F.3d 622, 626 (7th Cir. 2014) (""The Act provides . . . that 'no person that accepts credit cards or debit cards for the transaction of business shall print [electronically, as distinct from by handwriting or by an imprint or copy of the card] more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.'"). Plaintiff stated a claim under FACTA by expressly pleading that:

---

[7] Numerous cases from other jurisdictions have also made clear that striking class allegations at the pleading stage should be done rarely and that the better course is to address these issues only after appropriate discovery and in the context of a motion for class certification. *Cruz v. Sky Chefs, Inc.*, 2013 WL 1892337, at *6 (N.D. Cal. May 6, 2013) (citing cases and denying defendant's motion to strike class allegations as "premature" discovery has not yet commenced); *Clark v. Sprint Spectrum L.P.*, 2011 WL 835487, at *3 (C.D. Cal. Mar. 7, 2011) ("A motion to strike class allegations is not a substitute for class determination and should not be used in the same way."); *see also In re Flonase Antitrust Litig.*, 2010 WL 234858, at *4 (E.D. Pa. Jan. 21, 2010) ("This argument [to strike class allegations] is premature; the question of who will comprise the proposed class (i.e. whom named plaintiffs may represent) should be determined at class certification. . . . In addition, class certification is logically antecedent to a determination of the standing of proposed class members in certain states.") (citations omitted); *Myers v. MedQuist, Inc.*, 2006 WL 3751210, at *4 (D. N.J. Dec. 20, 2006) ("[T]he shape and form of a class action evolves only through the process of discovery.") (citations omitted).

20. On or about April 22, 2014, Plaintiff visited DTG's car rental store located at 1 Airport Drive, Little Rock, Arkansas 72206.

21. Plaintiff rented a 2014 Nissan Versa for a period of one day.

22. DTG accepted Plaintiff's VISA credit or debit card as payment.

23. Plaintiff received from DTG an electronically printed receipt and, in violation of FACTA the receipt displayed the *full* expiration date of his VISA credit or debit card. (*See* Receipt attached hereto as Exhibit A.)

24. In addition, the receipt displayed the first two and last four digits of his VISA credit or debit card — six digits in total. (*Id.*) This, too, violates FACTA's prohibition on displaying more than the last five digits of the card number.

(Compl. ¶¶20-24.) Taking his allegations as true, Plaintiff has plausibly alleged that DTG violated FACTA. *See Brooks v. Pactiv Corp.*, 729 F.3d 758, 763 (7th Cir. 2013) ("[The court must] accept[] the factual allegations as true and draw[]reasonable inferences in [the plaintiff's] favor.").

Beyond DTG's general recitation of the pleading standard, DTG rests it argument on *Huggins v. SpaClinic, LLC*, 2010 WL 963924, at *2 (N.D. Ill. Mar. 11, 2010). (D. Mot. at 5.) *Huggins*, however, did not address the argument that DTG is making here – failure to plead ownership and operation of a store results in dismissal with prejudice. Rather, *Huggins* was only concerned with whether the plaintiff had adequately alleged willfulness – an argument that DTG does not raise here. 2010 WL 963924, at *2 (discussing the plaintiff's allegations on the willfulness of the defendant's conduct). Simply put, DTG's reliance on *Huggins* is misplaced.

Not surprisingly then, DTG devotes most of its legal support to its alternative contention that "[e]ven if the Complaint included allegations . . . that DTG [] owned and operated the [store], Plaintiff has pled himself out of court" because "BFM Transportation, Inc. [is] on the face of the receipt." (D. Mot. at 5.) But, as noted above, DTG *also* appears on the receipt under one of its

trade names – Dollar Rent A Car.[8] Thus, DTG is making factual arguments as to the level of its involvement in the conduct alleged – all of which are not appropriate on a motion to dismiss. *See Astor Prof'l Search, LLC v. MegaPath Corp.*, 2013 WL 1283810, at *5 (N.D. Ill. Mar. 27, 2013) ("[Defendant] presents a number of facts outside the four corners of the complaint and proposes a myriad of reasons why someone attempting to send e-mails via a web-host might experience delivery problems. . . . [S]imply presenting an alternative explanation for the facts alleged in the complaint is insufficient to demonstrate that the complaint fails to plausibly suggest a right to relief."); *United States v. LaSalle Bank, N.A.*, 2008 WL 4874169, at *3 (N.D. Ill. July 29, 2008) ("The Bank's motion to dismiss is premised on factual assertions. The purpose of 12(b)(6) motion, however, is to test the *legal* sufficiency of a complaint, not to argue facts.") (emphasis original); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("'Plausibility' in this context does not imply that the district court should decide whose version to believe, or which version is more likely than not. . . . In other words, the court will ask itself *could* these things have happened, not *did* they happen.") (emphasis original).

Furthermore, DTG's other cited case, *North Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998), does not dictate that Plaintiff has pled himself out of court. Plaintiff does not dispute that the receipt "forms the basis for [his] allegation." *N. Ind.*

---

[8] In addition, DTG's website lists the store on its website as of its locations. And if that were not enough, DTG, using its trade name Thrifty Car Rental, is the subscriber of the store's phone-line. Thus, DTG is also listed on the receipt. *See supra* notes 1-5 and accompanying text.

To the extent DTG contends that BFM must be named as a necessary party, DTG has not raised that argument and thus it need not be addressed. *See Fletcher v. ZLB Behring LLC*, 2006 WL 218164, at *4 (N.D. Ill. Jan. 27, 2006) ("Finally, ZLB Behring's attempt at developing its argument in the reply brief does not save the day because when a defendant fails to raise or develop an issue until reply, she waives the argument because the plaintiff has had no chance to respond."). Nonetheless, Plaintiff "is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue[.]" *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005) (citing 16 J. Moore *et al.*, Moore's Federal Practice § 107.14[2][c], p. 107–67 (3d ed. 2005)).

*Gun*, 163 F.3d at 455. Nonetheless, the receipt and the Complaint "must be examined as a whole." *Id.* Contrary to DTG's assertions, the receipt does not "negate" the allegations of the Complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002) ("[D]ismissal is appropriate if the document **negates** the claim.") (emphasis added). Rather, the receipt merely raises fact questions as to DTG's level of involvement in the alleged FACTA violation. Again, however, these questions are not properly raised or decided on a motion to dismiss. *See LaSalle Bank*, 2008 WL 4874169, at *3 ("The purpose of 12(b)(6) motion, however, is to test the *legal* sufficiency of a complaint, not to argue facts.") (emphasis original).

Because the appearance of BFM on the receipt does not "negate" whether DTG committed the FACTA violation, DTG's argument must be rejected. *See Mfrs. Life Ins. Co. v. 1 Animation Network, Inc.*, 2005 WL 1950666, at *3 (N.D. Ill. Aug. 10, 2005) ("[T]he mere presence of Section 11(j) in the Lease that is attached to the complaint does not automatically 'negate' MLI's fraud claim since it does not resolve the issue of whether or not MLI agreed with its tenant to amend the clause in accordance with Section 11(j).").

## II.     ANY REQUEST TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE DENIED.

DTG has requested dismissal under Rule 12(b)(6). Given the basis for its argument – this case should be litigated based on a lone receipt and not on a class basis – the request doesn't even make sense procedurally. If anything, DTG *might* have attempted to strike Plaintiff's class allegations from the Complaint under Rule 12(f), which would have at least been a procedurally cognizable thing to ask for – though still deficient on the merits. Presumably this is exactly what DTG is attempting to do by citing to *Arango v. Work & Well, Inc.*, 2012 WL 3023338, at *2-3 (N.D. Ill. July 24, 2012), because there the court addressed class allegations under Rule 12(f) – not Rule 12(b). (D. Mot. at 7.)

Even though Plaintiff is put in the awkward position of responding to an argument that DTG has itself technically not raised, in the interests of providing the Court with a complete and accurate presentation of the law on this issue, Plaintiff demonstrates below why any request to strike the class allegations from the Complaint should be rejected.

Courts have long recognized the impropriety of DTG's attempt to prematurely (and unfairly) address class certification by way of a motion to strike class allegations in a complaint. Courts therefore rarely grant such motions. *See, e.g.*, *Toney v. Quality Res., Inc.*, 2014 WL 6757978, at *7 (N.D. Ill. Dec. 1, 2014) (St. Eve, J.) ("The court views [defendant's] presentation as an improper preemptive attack on the putative classes prior to class certification proceedings. The parties have not yet completed discovery, and the class allegations are not facially deficient."); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748, at *2 (N.D. Ill. Dec. 31, 2012) (Kennelly, J.) ("Plaintiffs have alleged the necessary elements under Rule 23, and they have done so plausibly. Determination of whether plaintiffs actually can establish the basis for class certification is premature."); *Boatwright v. Walgreen Co.*, 2011 WL 843898, at *2 (N.D. Ill. Mar. 4, 2011) (Castillo, J.) ("Because a class determination decision generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action . . . a decision denying class status by striking class allegations at the pleading stage is inappropriate."); *Power v. GMAC Mortg. Corp.*, 2007 WL 723509, at *5 (N.D. Ill. Mar. 7, 2007) (Kocoras, J.) (motions to strike class allegations are "best resolved after crystallization in a . . . motion for class certification under Fed. R. Civ. P. 23").[9] As the Seventh Circuit has recently proclaimed: "a court

---

[9] *See also Messner v. Northshore Univ. HealthSystem*, 669 F.3 802, 811 (7th Cir. 2012) ("On issues affecting class certification, however, a court may not simply assume the truth of the matters as asserted by the plaintiff. If there are material factual disputes, the court must 'receive evidence . . . and resolve the disputes before deciding whether to certify the class.'") (citations omitted); *Worix v. MedAssets, Inc.*, 869 F. Supp. 2d 893, 901 (N.D. Ill. 2012) ("[I]t would be premature to strike all or part of [plaintiff's] complaint, or to rule preemptively that no class claims may be asserted, before there is any evidence regarding the

may abuse its discretion by not allowing for appropriate discovery before deciding whether to certify a class." *Damasco v. Clearwire Corp.*, 662 F.3d 891, 897 (7th Cir. 2011).[10]

Against this weight of authority, DTG cites *Arango* for the proposition that Plaintiff is engaging in a fishing expedition. (D. Mot. at 7.) However, *Arango* is inapposite. In *Arango*, the plaintiff alleged that a there was a nationwide class with respect to his allegations that the defendant, a third-party administrator for several employers, requires more information than necessary to approve leave under the Family Medical Leave Act, 29 U.S.C. §§ 2601-54. 2012 WL 3023338 at *1. The plaintiff alleged that if an employee at one of the several unidentified employers does not provide this information to the defendant, his employer would terminate him. *Id.* at *1-2. According to the plaintiff, the defendant's conduct amounted to tortious interference for prospective economic advantage. *Id.*

The court disagreed and found that the plaintiff was relying on the assumption that other employees lost their jobs based on the defendant's purported FMLA leave policy. *Id.* at *3. Specifically, the court expressed its concern that the plaintiff sought to merely make the conclusory

---

claims of other potential class members."); *Miller v. Janssen Pharm. Prods., LP*, 2007 WL 488636, at *3 (S.D. Ill. 2006) (rejecting motion to strike class allegations because "it is not practical at this stage of the litigation to preclude the Court from obtaining a full assessment of the litigation before deciding the class certification issue"); *Oxman v. WLS-TV*, 595 F. Supp. 557, 561-62 (N.D. Ill. 1984) (denying motion to strike class allegations and holding that such motion was premature prior to discovery).

[10] Numerous cases from other jurisdictions have also made clear that striking class allegations at the pleading stage should be done rarely and that the better course is to address these issues only after appropriate discovery and in the context of a motion for class certification. *Cruz v. Sky Chefs, Inc.*, 2013 WL 1892337, at *6 (N.D. Cal. May 6, 2013) (citing cases and denying defendant's motion to strike class allegations as "premature" discovery has not yet commenced); *Clark v. Sprint Spectrum L.P.*, 2011 WL 835487, at *3 (C.D. Cal. Mar. 7, 2011) ("A motion to strike class allegations is not a substitute for class determination and should not be used in the same way."); *see also In re Flonase Antitrust Litig.*, 2010 WL 234858, at *4 (E.D. Pa. Jan. 21, 2010) ("This argument [to strike class allegations] is premature; the question of who will comprise the proposed class (i.e. whom named plaintiffs may represent) should be determined at class certification. . . . In addition, class certification is logically antecedent to a determination of the standing of proposed class members in certain states.") (citations omitted); *Myers v. MedQuist, Inc.*, 2006 WL 3751210, at *4 (D. N.J. Dec. 20, 2006) ("[T]he shape and form of a class action evolves only through the process of discovery.") (citations omitted).

assertion that there was common course of conduct with respect to all of the employers associated with the defendant. *See id.* ("The court expressed its concern early on that the plaintiff was going about discovering facts in the wrong order. (Dkt. # 116, 9/8/2011 Hr'g Tr. 6) (Judge Guzman: 'Sounds like a tail wagging a dog at this point to me. You're telling me that you may find sufficient facts to relate all of these employers through Work & Well to a common class action.').").

Here, however, Plaintiff's action *is* supported by the facts. Plaintiff's case is about DTG's electronically printed receipts – not some conclusory claim trying to tie *several* defendants involving an unidentified termination policy to a common course of conduct. The Plaintiff's and the Class members' receipts are likely (if not certainly) going to be the same. Why else would businesses use electronically printed receipts if not in order to save on transaction costs by creating an efficient, uniform method to provide proof of payment? Simply put, it is unfathomable that DTG did not provide substantially the same receipt to each of its customers. This is precisely why courts "have routinely found that FACTA cases meet the commonality requirement." *Rogers v. Khatra Petro, Inc.*, 2010 WL 3894100, *4 (N.D. Ind. Sept. 29, 2010); *see, e.g.*, *Matthews v. United Retail, Inc.*, 248 F.R.D. 210, 215 (N.D. Ill. 2008) (Castillo, J.) ("[T]he common nucleus of operative fact is the defendant's issuance of receipts that display the expiration date or more than five digits of a person's credit card in violation of Section 1681c(g)(1)); *Troy v. Red Lantern Inn, Inc.*, 2007 WL 4293014, at *2 (N.D. Ill. Dec. 4, 2007) (Aspen, J.) ("Troy argues that the common nucleus between him and the other class members is the issuance of a credit card receipt bearing the prohibited material under Section 1681c(g)(1). Because these issues are the same across the class, we find that Troy's claims meet the commonality requirement."); *Halperin v. Interpark Inc.*, 2007 WL 4219419, at *2 (N.D. Ill. Nov. 29, 2007) (Bucklo, J.) ("In this case, the common nucleus of operative fact would be receiving the faulty receipts from defendant."); *Shurland v. Bacci Cafe*

& *Pizzeria on Ogden, Inc.*, 259 F.R.D. 151, 159 (N.D. Ill. 2009) (Pallmeyer, J.) ("[T]he question of whether Defendant acted willfully is central both to Plaintiff's individual claim and to the claims of the class as a whole.").[11]

In sum, DTG has not (and cannot) meet its burden of showing that Plaintiff's class allegations are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f); *see, e.g.*, *Gonzalez v. City of Chi.*, 888 F. Supp. 887, 890 (N.D. Ill. 1995) ("Federal Rule of Civil Procedure 12(f) authorizes us to strike from the pleadings any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. However, such motions are not favored, and will only be granted if the language of the pleading has no possible relation to the controversy and is clearly prejudicial.") (citations and quotations omitted); *Simmons v. John F. Kennedy Med. Ctr.*, 727 F. Supp. 440, 442 (N.D. Ill. 1989) ("Motions to strike . . . are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial.") (citations and quotations omitted).[12]

---

[11] *See also Engel v. Scully & Scully, Inc.*, 279 F.R.D. 117, 128 (S.D.N.Y. 2011) ("Factually, the claims depend upon the common contention that the defendant had a regular business practice of providing non-truncated receipts in violation of FACTA. Also, because the complaint does not state a claim for negligent violation of FACTA, 'the question of whether Defendant acted willfully is central both to Plaintiff's individual claim and to the claims of the class as a whole.'"); *Redmon v. Uncle Julio's of Ill., Inc.*, 249 F.R.D. 290, 294-96 (N.D. Ill. 2008) (Castillo, J.) ("The alleged facts of this case indicate that the typicality requirement is met. Redmon's claim arose from the same alleged conduct as other class members: they all received a credit or debit card receipt from Uncle Julio's which contained either the expiration date and/or more than the last five digits of recipients card number. . . . Redmon's factual allegations are common to all potential plaintiffs and the causes of action resulting from these facts are all the same. Uncle Julio's allegedly issued credit or debit card receipts bearing prohibited material to class members in violation of the FACTA.").

[12] *See also Lady Beauty Prods., Inc. v. Parfums Ungaro, Inc.*, 1985 WL 1159, at *1 (N.D. Ill. May 9, 1985) ("Motions to strike . . . are granted only if a responsive pleading is redundant, irrelevant, impertinent or scandalous and prejudicial to the plaintiff."); *Magnavox Co. v. APF Elecs., Inc.*, 496 F. Supp. 29, 35 (N.D. Ill. 1980) ("Rule 12(f) of the Federal Rules of Civil Procedure permits allegations that are redundant, immaterial, impertinent or scandalous to be stricken. Generally, however, unless the matters are prejudicial as well, a motion under 12(f) will not be granted.").

-11-

Under these circumstances, striking Plaintiff's class allegations at this early stage is both improper and unwarranted.

## **CONCLUSION**

For the foregoing reasons, this Court should deny DTG's Motion to Dismiss in its entirety, and grant Plaintiff such further relief as the Court deems appropriate.

Dated: December 9, 2014                                 Respectfully submitted,

                                                                          THOMAS GIOVENCO, individually and on
                                                                          behalf of all others similarly situated,


                                                                          By:  ____*/s/ Joseph J. Siprut*_____
                                                                                   One of the Attorneys for Plaintiff
                                                                                   And the Proposed Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT** PC
17 N. State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.241.1260

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that the foregoing **Plaintiff's Response to Defendant's Motion to Dismiss** was filed electronically with the Clerk of the Court using the CM/ECF system this 9th day of December, 2014, and served electronically on all counsel of record.


                                         *__/s/ Joseph J. Siprut_____*
                                                   Joseph J. Siprut

4826-8755-6128, v. 4