# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS GIOVENCO, individually and on behalf of all others similarly situated, | |
| Plaintiff, | No. 14 C 7534 |
| v. | Judge James B. Zagel |
| DTG OPERATIONS, INC., an Oklahoma Corporation, | |
| Defendant. | |

## MEMORANDUM AND OPINION

Plaintiff Thomas Giovenco, individually and on behalf of all others similarly situated, ("Plaintiff") filed a complaint against Defendant DTG Operations, Inc., d/b/a Dollar Rent A Car ("Defendant" or "DTG") alleging a violation of the Fair and Accurate Credit Transactions Act, 15 U.S.C. 1681c(g) ("FACTA"). Defendant now moves to dismiss this Complaint pursuant to Rule 12(b)(6) for failure to state a claim.

## I.     FACTUAL BACKGROUND

DTG operates car rental stores under various trade names throughout the United States. On or about April 22, 2014, Plaintiff Thomas Giovenco, a Chicago, Illinois resident, visited DTG's car rental store located at 1 Airport Drive, Little Rock, Arkansas 72206 and rented a 2014 Nissan Versa. Plaintiff paid for the transaction with his VISA credit or debit card. Plaintiff received from DTG an electronically printed receipt that displayed the full expiration date of Plaintiff's card information, as well as the first two and last four digits of his VISA credit or debit card.

## II. LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim, the court treats all well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court need not accept as true any legal conclusion in a complaint, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678-79. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. *See* Fed.R .Civ.P. 10(c).

## III. DISCUSSION

Section 1681c of FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). "Any person who willfully fails to comply" with FACTA

with respect to a customer will be held liable. 15 U.S.C. § 1681n(a). Plaintiff alleges that Defendant DTG, one of the largest car rental operators in the world, failed to properly truncate Plaintiff's personal credit card information in violation of FACTA when it printed (1) the expiration date of Plaintiff's VISA credit or debit card; and (2) more than the last five digits of his VISA credit or debit card. Plaintiff further alleges, on information and belief, that DTG provided and continues to provide electronically printed receipts to consumers which contain consumers' inadequately truncated personal information.

Defendant moves to dismiss Plaintiff's Complaint on the basis that Plaintiff has failed to state a claim that DTG Operations is responsible for the alleged misconduct in violation of FACTA. Specifically, Defendant contends that Plaintiff has made conclusory allegations that do not substantiate his claim that DTG Operations owned and operated the Little Rock Airport location on April 22, 2014. Plaintiff does more than simply identify DTG without describing Defendant's purported involvement in violating FACTA. *Sutton v. Larson*, 2013 WL 147821 (S.D.Ill., 2013) (merely invoking the name of a potential defendant without demonstrating how she was responsible was insufficient to state a claim against that defendant). Rather, Plaintiff has alleged that he visited DTG's store and that DTG provided Plaintiff with the violating receipt, which Plaintiff attached to his Complaint. The upper left hand side of the receipt displays the following:

> BFM Transportation Inc 0980571
> Dollar RAC 1 Airport Dr
> Little Rock    AR 72206
> (501) 375 - 9955

The parties dispute the significance of this text. Plaintiff asserts that one of DTG's trade names, "Dollar RAC," which is short for "Dollar Rent A Car," is printed on the receipt and indicates that DTG was the operator. Defendant, on the other hand, argues that almost half of the

"Dollar Rent A Car" establishments are independently owned franchises, not corporately owned and operated under DTG. To that end, Defendant claims that the rental car operator responsible for any alleged misconduct is the named operator printed on the subject receipt above "Dollar RAC": BFM Transportation Inc. Defendant contends that the combination of BFM's name printed on the receipt, that BFM operated under Dollar Rent A Car, and the absence of DTG's name on the receipt indicates that there is no basis to conclude that DTG had any involvement in the generation of the subject receipt. To that end, Defendant concludes that the receipt negates Plaintiff's claim and that, consequently, Plaintiff's Complaint requires dismissal. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002) ("[W]here a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim.").

The absence of the name "DTG Operations" on the attached receipt, combined with the presence of both BFM Transportation and Dollar RAC, while potentially significant, does not directly contradict the allegations in Plaintiff's complaint that DTG was responsible for issuing the receipt. It does, however, raise factual questions as to DTG's involvement, if any, in the alleged FACTA violation. Plaintiff's allegations provide Defendant fair notice of the grounds upon which his claim rests to sufficiently state a claim under Fed. R. Civ. P. 12(b)(6).

Defendant also moves to dismiss Plaintiffs' class claims as additional unspecified and unsubstantiated allegations, plead only "on information and belief," as insufficient to sustain a FACTA claim. To the extent Defendant seeks to strike allegations of the potential class from Plaintiffs' Complaint, it must do so pursuant to Fed. R. Civ. P. 12(f). While it may be premature to strike class allegations based on factual disputes requiring discovery, when a defendant advances a legal argument based on the pleadings, discovery is not necessary for the court to

evaluate whether a class action may be maintained. *Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010). In such a case, "courts may—and should—address plaintiff's class allegations" which are supported by facially defective pleadings that "definitively establish that a class action cannot be maintained." *Arango v. Work & Well, Inc.*, No. 11 C 1525, 2012 WL 3023338, at *2 (N.D. Ill. July 24, 2012). Here, the Court declines to strike Plaintiff's class action allegations. Plaintiffs' allegations are plausible, even if minimal, and state the necessary elements of Rule 23. Any further determination of whether Plaintiffs can actually establish the basis for class certification is, however, premature. *Birchmeier v. Caribbean Cruise Line, Inc.*, No. 12 C 4069, 2012 WL 7062748, at *2 (N.D. Ill. Dec. 31, 2012).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied in its entirety.

ENTER:

*/s/ James B. Zagel*

James B. Zagel

United States District Judge

DATE: June 8, 2015